NO. 07-06-0493-CR
                                                             07-06-0494-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 13, 2008
______________________________

ROLAND RAY BATES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;

NO. 115441, 117573; HONORABLE PAMELA C. SIRMON, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Roland Ray Bates, appeals his convictions for driving while intoxicated
and deadly conduct and concurrent sentences of one year confinement in the county jail
and fine of $2,000. We affirm.
Background 
          On May 14, 2006, appellant was hauling pipes in his truck and arrived in Amarillo
in the early morning. According to appellant, he missed his turn and attempted to get back
on his correct route by turning around in a store parking lot. As appellant was turning the
truck in the parking lot, appellant claimed that he was attacked by two males who jumped
onto the exterior of his truck. In an effort to protect himself, appellant sped out of the
parking lot and entered a one-way street, eventually ending up on U.S. 287. However,
appellant was driving north on the southbound portion of U.S. 287. Sometime after
appellant began driving on the wrong side of the highway, the Amarillo Police Department
received a 911 call from an unidentified female driver. A second caller to 911 also reported
a semi-truck headed the wrong way on southbound U.S. 287. The caller traveled in the
northbound lane and was able to keep up with the semi-truck who was, at times, traveling
at 70 mph until police arrived. 
          When Deputy Eric Smith received the dispatch of a semi-truck traveling the wrong
way, Smith went to the location and observed appellant traveling at approximately 65-70
mph before appellant pulled into the median. Texas Department of Public Safety Trooper
John Alonzo arrived shortly after Smith in order to assist Smith. After Smith ordered
appellant out of the vehicle, both Smith and Alonzo observed appellant’s behavior and
balance as he got out. Smith then had appellant perform a series of sobriety tests before
Smith decided to arrest appellant for the offenses of driving while intoxicated and deadly
conduct. 
          At trial, a jury found appellant guilty of the two offenses and sentenced appellant to
one year in jail and a $2,000 fine for each offense. Appellant contends that (1) the
evidence was legally and factually insufficient to support the conviction for the offense of
deadly conduct; (2) the trial court erred in admitting the 911 audio recordings because,
without the callers being subject to cross examination, the recordings were hearsay and
denied him the right to confront those witnesses; and (3) he was denied effective
assistance of counsel because his attorney failed to object to the introduction of evidence
of his breath test refusal or to the introduction of photographs of the street signs. We
affirm.
Sufficiency of the evidence of the deadly conduct offense
          In assessing the legal sufficiency of the evidence, we review all the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133
S.W.3d 618, 620 (Tex.Crim.App. 2004). In conducting a legal sufficiency review, an
appellate court may not sit as a thirteenth juror, but rather must uphold the jury’s verdict
unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno
v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). 
          When an appellant challenges the factual sufficiency of the evidence supporting his
conviction, the reviewing court must determine whether, considering all the evidence in a
neutral light, the jury was rationally justified in finding the appellant guilty beyond a
reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In
performing a factual sufficiency review, we must give deference to the fact finder’s
determinations if supported by evidence and may not order a new trial simply because we
may disagree with the verdict. See id. at 414. As an appellate court, we are not justified
in ordering a new trial unless there is some objective basis in the record demonstrating that
the great weight and preponderance of the evidence contradicts the jury’s verdict. See id. 
at 417. Additionally, an appellate opinion addressing factual sufficiency must include a
discussion of the most important evidence that appellant claims undermines the jury’s
verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).
          By charging appellant with the offense of deadly conduct, the State was required to
prove that appellant recklessly engaged in conduct that placed another in imminent danger
of serious bodily injury. Tex. Penal Code Ann. § 22.05 (Vernon 2003). Appellant contends
that the State presented no evidence to support his conviction. However, in the second
911 call audiotape, the jury heard the caller contend that cars were being forced to avoid
appellant’s semi-truck. Furthermore, when Smith was asked whether appellant’s actions
were capable of causing serious bodily injury, Smith testified that, in his opinion, a semi-truck weighing approximately 96,000 pounds traveling 60 to 75 mph on the wrong side of
the road could cause death. Further, Smith’s testimony and video showed that, as Smith
traveled along U.S. 287 trying to catch up to appellant, several vehicles were traveling in
the opposite direction on southbound U.S. 287. Taking into consideration the testimonial
evidence, Smith’s videotape of the stop, and audio recordings of the 911 calls, we
conclude that the evidence, considered in the light most favorable to the verdict, was
sufficient to allow a reasonable jury to have found the essential elements of the offense
beyond a reasonable doubt. Jackson, 443 U.S. at 319; Ross, 133 S.W.3d at 620.
          As for factual sufficiency, appellant contends that the most important evidence that
undermines the jury’s verdict is that the State failed to introduce testimony from anyone
that actually had to swerve away from appellant’s vehicle or was placed in imminent
danger. Furthermore, appellant contends that recklessness is conduct that must be
gauged “under all the circumstances as viewed from the actor’s standpoint.” Hence,
appellant contends that the evidence is factually insufficient to support his conviction for
deadly conduct. However, appellant is incorrect in his assessment of the necessity of the
introduction of evidence of appellant’s state of mind in order to establish recklessness. 
According to the Texas Penal Code, a person acts recklessly when the risk is “of such a
nature and degree that its disregard constitutes a gross deviation from the standard of care
that an ordinary person would exercise under all the circumstances as viewed from the
actor’s standpoint.” Tex. Penal Code Ann. § 6.03(c) (Vernon 2003) (emphasis added). 
Thus, contrary to appellant’s contention, we do not view the circumstances as appellant
viewed them. Instead, we view the circumstances as an ordinary person would have
perceived them if placed in appellant’s position. In addition to the testimony already
discussed, Trooper Alonzo further testified that he had received training in accident
reconstruction and, based on his training, he concluded that even a semi-truck driver who
was not intoxicated would have traveled twice the distance of a normal-sized vehicle before
the driver could have started to brake. The jury also heard testimony from Alonzo that,
depending on the degree of intoxication, a driver could take up to three additional seconds
before they could process the thought of a threat and engage the brakes. Therefore,
viewing all the evidence in a neutral light, the jury was rationally justified in finding appellant
guilty beyond a reasonable doubt. See Watson, 204 S.W.3d at 415. Having concluded
that the evidence was both legally and factually sufficient to support the deadly conduct
charge, we overrule appellant’s first issue.
Hearsay and the Right to Confront Witnesses
          As a prerequisite to presenting a complaint for appellate review, the record must
show that the complaint was made to the trial court by a timely request, objection, or
motion. Tex. R. App. P. 33.1(a)(1). To be timely, an objection must be made as soon as
the basis for the objection becomes apparent. Lagrone v. State, 942 S.W.2d 602, 618
(Tex.Crim.App. 1997). When a defendant does not object prior to the presentation of the
objected to testimony, the defendant has waived the complaint on appeal, unless he can
provide a legitimate reason to justify the delay. See id.
          In the instant case, the State presented two witnesses for the purpose of gaining
admission of the audio recordings of the 911 calls. First, the State called Traci Dillon, a
dispatcher with the Amarillo Police Department, to testify about receiving a phone call from
an unknown woman. Appellant objected to the admission of the recording based on
relevancy. The trial court judge overruled the objection, admitted the recording into
evidence, and allowed the State to play the recording for the jury. Next, the State called
Kristi Choate, a dispatcher with the Potter County Sheriff’s Office, to testify about receiving
a phone call from Dustin Camp reporting a semi-truck traveling the wrong way along
southbound U.S. 287. Appellant’s trial counsel objected to the second recording stating,
“Well, gee, I guess I respectfully object. It just seems redundant. The Defense stipulates
Mr. Bates [appellant] was driving down the Dumas highway on the wrong side, so I’m not
sure what the purpose is.” The trial court overruled the objection, admitted the recording
into evidence, and allowed the State to play the recording for the jury. After the audio
recording was played for the jury, appellant’s trial counsel made a third objection, “Judge
I’m going to object to that on the grounds it’s hearsay, and Mr. Bates is denied his Texas
and Federal Constitutional Rights to confront this unknown caller and question him.” The
trial court overruled this objection. Trial counsel had opportunity to object to both audio
recordings and, in fact, did object twice on other grounds. However, appellant does not
raise the issue of relevancy on appeal and those objections do not support appellant’s
present complaint of hearsay or denial of appellant’s right to confrontation. See Broxton
v. State, 909 S.W.2d 912, 918 (Tex.Crim.App. 1995). As to appellant’s final objection
raising hearsay and denial of the right to confront the 911 callers, appellant has not shown
a legitimate reason for the delay in raising these complaints until after the publication of the
audio recordings to the jury. Therefore, we conclude that the final objection raising
hearsay and appellant’s right to confront the witnesses was untimely and, therefore, not
preserved for appellate review. See Lagrone, 942 S.W.2d at 618. We overrule appellant’s
second issue. 
Ineffective Assistance of Counsel
          When confronted with an ineffective assistance of counsel claim, we apply the
two-pronged analysis set forth by the United States Supreme Court in Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Hernandez v.
State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) (adopting Strickland as applicable
standard under the Texas Constitution).
          Under the first prong of the Strickland test, an appellant must show that counsel's
performance was "deficient." Strickland, 466 U.S. at 687. "This requires showing that
counsel made errors so serious that counsel was not functioning as the 'counsel'
guaranteed the defendant by the Sixth Amendment." Id. To be successful in this regard,
an appellant "must show that counsel's representation fell below an objective standard of
reasonableness." Id. at 688. Under the second prong, an appellant must show that the
deficient performance prejudiced the defense. Id. at 687. The appropriate standard for
judging prejudice requires an appellant to "show that there is a reasonable probability that,
but for counsel's unprofessional errors, the result of the proceeding would have been
different. A reasonable probability is a probability sufficient to undermine confidence in the
outcome." Id. at 694. Appellant must prove both prongs of Strickland by a preponderance
of the evidence in order to prevail. Tong v. State, 25 S.W.3d 707, 712 (Tex.Crim.App.
2000); McFarland v. State, 845 S.W.2d 824, 842 (Tex.Crim.App. 1992).
          Appellant contends that his trial counsel was ineffective because of his failure to
object to the introduction of appellant’s refusal to submit to a breath analysis. However,
a review of the testimonial evidence demonstrates that trial counsel questioned Smith as
to whether appellant had actually refused to submit to testing because appellant told Smith
that he would take a blood test instead of a breath test. Appellant’s trial counsel
questioned Smith about whose decision it was not to get a blood test. Through cross
examination, Smith explained that appellant initially agreed to a breath test but later
changed his mind and would only agree to a blood test. According to Smith, because of
the time delay in taking appellant to the hospital, Smith did not believe that appellant would
have any alcohol concentration in his blood. However, Smith admitted that he had the
option of allowing appellant to submit a blood sample. Hence, the record shows that trial
counsel was employing a trial strategy to show that Smith did not allow the blood test rather
than appellant actually refusing. 
          Next, appellant contends trial counsel was ineffective because trial counsel failed
to object to the introduction of daytime photographs of the directional markers on the
streets and highway that appellant would have observed while driving. However, trial
counsel presented a theory regarding the signage that did not relate to the visibility of the
signs. Instead, trial counsel argued that the signs showing the different one-way streets
were confusing rather than not visible. Further, trial counsel related that appellant had
been attacked by two men and that appellant, in escaping, had accidentally gone the
wrong way. Therefore, trial counsel’s theory, as presented to the jury, was reasonable and
was not prejudiced by the issue of whether the signs were more visible during the day than
at night. Therefore, we do not believe that appellant’s trial counsel’s representation fell
below an objective standard of reasonableness nor that there was a reasonable probability
that, but for trial counsel’s failure to object to testimony of a breath test refusal or the
admission of photographs, the result of the trial would have been different. Strickland, 466
U.S. at 694. We overrule appellant’s final issue.
Conclusion
          For the foregoing reasons, we affirm the judgment of the trial court in each cause. 

 
                                                                          Mackey K. Hancock

                                         Justice



Do not publish.